UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR392 |
| | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | |
| | ) | |
| | ) | |
| CHARLES VACCARO, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR (a) PERMISSION TO TRAVEL and (b) STAY OF THE WARRANT TO SEIZE PROPERTY PENDING AN EMERGENCY HEARING**

In the backdrop of the *Warrant to Seize Property Subject to Forfeiture* (the "Seizure Order") issued on July 29, 2021 and executed today (August 5, 2021) which has now left the Defendant Charles Vaccaro homeless, the Defendant, Charles Vaccaro, by his attorney Randy Zelin of the law firm Wilk Auslander LLP, respectfully moves this Court for an Order: (a) permitting him to travel by car from his home in Florida to stay with family/friends in New York; pending, (b) what the Defendant prays will be this Court's reconsideration or stay of the Seizure Order.

**Preliminary Statement – Exigent Circumstances**

The Seizure Order has left Mr. Vaccaro homeless. Both the Court and the government are aware that since in or about the time of Mr. Vaccaro's arrest on July 22, 2019, Mr. Vaccaro has been living on his boat – which the government consented to be used to secure Mr. Vaccaro's appearance bond. Now, out of nowhere, and after two years of being fully compliant with the terms of his release – so much so that the government and counsel were discussing a downward modification of the conditions of release – the government swoops in this morning with no warning and seizes my Mr. Vaccaro's "home." And if this is not bad enough, counsel for Mr. Vaccaro is now in Iceland on vacation – with no file; no office and four hours ahead of the Court and the government.

1

**Permission to Travel to New York**

The terms of Mr. Vaccaro's Release Order (ECF Docket no. 4-3) permit him to travel to New York. As Mr. Vaccaro is now homeless, he will need to rely on friends/family in New York for a place to live pending what we hope will be the Court's reversing of course so that Mr. Vaccaro can return to his boat (his home). Mr. Vaccaro needs to drive his car to New York with what little belongings he had time to remove from the boat. Driving (on Interstate 95) will take him from Florida through the districts of Georgia, South Carolina, North Carolina, Virginia, Maryland, New Jersey to get to New York. The government does not oppose this request.

Therefore, assuming the matter of seizure of the boat cannot be expeditiously resolved with the boat's immediate return to Mr. Vaccaro, request is respectfully made that Mr. Vaccaro be granted permission to travel to New York by car through the districts of Georgia, South Carolina, North Carolina, Virginia, Maryland, New Jersey to get to New York.

**The Seizure Order Should be the Subject of an Immediate Emergency Hearing With a Stay of its Execution**

Context is everything. This application for an immediate hearing and a stay of the execution of the Seizure Order is made in the backdrop of the following reality:

    a.    The grand jury made no determination as to the forfeiture of the boat in the first Indictment;

    b.    The government has known that Mr. Vaccaro lives on the boat;

    c.    The government did not add any new allegations against Mr. Vaccaro in the new Indictment;

    d.    The government and counsel for Mr. Vaccaro had been negotiating a reduction in the security as part of Mr. Vaccaro's Conditions of Bond.

This context is critical because (a) the government certainly had no concern as to the availability of the boat these past two years; (b) the government could have asked for far less onerous means and methods to preserve the availability of the boat through, for example a protective order precluding the transfer of the title to the boat or to any liens or encumbrances so that Mr. Vaccaro cold continue to live on the boat as he has been (in fact, the government already has a lien on the boat as the boat was partial security for Mr. Vaccaro's bond.

Context is critical because we are talking about displacing Mr. Vaccaro from his home – with not notice and no opportunity to be heard. Mr. Vaccaro's right to Due Process has been discarded like the evening's trash.

Context is critical because there is good cause to visit the Grand Jury's determination of probable cause in the new Indictment as no such probable cause was found concerning the boat, in the first Indictment. The danger of asking the Court to revisit the Grand Jury's determination – lest the Court disagree with the Grand Jury and we now have inconsistent determinations of probable cause, is not at risk here – we already have inconsistent determinations by two different Grand Juries of probable cause relative to the boat and forfeiture. And, to the best of our knowledge, there have been no change in circumstances. If anything – the change in circumstances benefits Mr. Vaccaro because the Court now has had two years to see that Mr. Vaccaro is neither a danger to the community nor a risk of flight.

In other words, this Court's application of the balancing test employed in the *Mathews v. Eldridge*, 424 U.S. 319 (1976) – given the inconsistent prior Grand Jury determinations – permits this Court to hear our challenge on probable cause and for the Court itself hear and determine probable cause relative to the boat and forfeiture.

## CONCLUSION

Charles Vaccaro has been deprived of his home – with no opportunity to be head at all. The degree of the government's deprivation of Mr. Vaccaro's property and the trampling of his rights to Due Process after two years have passed, is stunning. Charles Vaccaro has been left homeless. Out of nowhere and with no warning. With barely the clothes on his back. And with no legal justification.

For all of these reasons, Defendant Charles Vaccaro respectfully requests that the instant motion be granted in its entirety.

Dated: August 5, 2021

*Randy Zelin*
Randy Zelin

To:
    All Counsel (via ECF)