UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:20 CR 392 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES VACCARO, *et al*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants | ) | STATUS CONFERENCE ORDER |

A telephonic pretrial status conference was held in the within case on November 23, 2021, at 1:30 p.m., with counsel only. Assistant U.S. Attorneys Alex Abreu, Brad Beeson, and Jim Morford were present on behalf of the Government. Attorneys Randy Zelin and Eric Nemecek were present on behalf of Charles Vaccaro, Attorney Edward Mullin was present on behalf of Dennis Ruggeri, Attorney Bob Amsel was present on behalf of Dror Svorai, Attorney Michael Orenstein was present on behalf of Kevin Hagen, Attorney Justin Roberts was present on behalf of Gary Berlly, and Attorney Mark Hunter was present on behalf of Yosef Biton.

The court and the parties discussed the status of discovery as well as the pending Motions for a Bill of Particulars with respect to Mr. Vaccaro (ECF No. 31), Mr. Biton (ECF No. 116), and Mr. Hagen (ECF No. 119). During this discussion, counsel for Defendants indicated that given the amount of the discovery in this case, they have been unable to make an intelligible assessment of the

case against their clients, and requested the Government's assistance in identifying which documents relate to the alleged criminal activities of their clients. In response, counsel for the Government explained that the Government is willing to answer specific questions from defense counsel, and is endeavoring to provide "hot docs." After hearing from the parties, the court indicated that it would continue the matter 60 days—which is reflected in the court's minute order issued on November 23, 2021—so that the Government can work with counsel for Defendants to provide more specific information relative to their clients. The court will withhold a ruling on the Bills of Particulars while the parties engage in this process. The court will hold another telephonic pretrial conference with counsel for the parties on January 25, 2022, at 2:00 p.m. At that conference, the court will set a schedule to govern all aspects of the case going forward.

Next, the court turned to counsel for Mr. Vaccaro to discuss the pending Motion for Hearing on Physical Damage to the Boat (ECF No. 133) and the Motion for Return of the Inflatable Boat (ECF No. 150). During this discussion, counsel for Mr. Vaccaro indicated that he intends to provide photographs to the Government depicting the alleged damage to the Boat. After a full discussion of the matter, the court determined that it would reserve a ruling on the Motion for Hearing on Physical Damage to the Boat (ECF No. 133) in light of the parties continued effort to work through the matter. The court also determined that the Motion for Return of the Inflatable Boat (ECF No. 150) is fully briefed and ripe for a ruling by the court.

At the conclusion of the conference, the court turned to the pending Motion for Conflict of Interest Inquiry (ECF No. 147), in which the Government asks the court to conduct a conflict of interest inquiry to determine whether counsel for Mr. Biton can properly serve as his counsel in light of the fact that he previously represented a target of the Government's investigation. After a brief

discussion of the matter, the court indicated that it would schedule a conflict of interest inquiry, on the open record, as soon as possible. Accordingly, the court hereby sets a hearing regarding the Government's request for a Conflict of Interest Inquiry on December 14, 2021, at 11:00 a.m., to be held by Zoom video conference.

    IT IS SO ORDERED.

                                    */s/ SOLOMON OLIVER, JR.*
                                    UNITED STATES DISTRICT JUDGE

December 6, 2021