# Randy Scott Zelin p.c.

641 LEXINGTON AVENUE
29TH FLOOR
NEW YORK, NEW YORK 10022

WWW.RANDYZELINLAW.COM

RANDY ZELIN
RSZ@RSZPC.COM

T 212.319.4000
F 212.656.1118

April 18, 2022

Via ECF
The Honorable Simon Oliver, Jr.
United States District Judge
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 17A
Cleveland, Ohio 44113-1838

        Re:    United States v. Charles Vaccaro, et al.
                Case no. 1:20-CR-392

Dear Judge Oliver:

      I represent defendant Charles Vaccaro. I hope you had a wonderful holiday. I write in the backdrop of the government's *Supplement to United States' Response* (ECF Document no. 179 referred to as the "Supplement") filed on April 7, 2022, and my request for April 18, 2022, to file a response. Please consider this letter as a response in lieu of more formal opposition papers.

      As a threshold matter, I will not repeat the assertions made in my April 7th letter relative to the government's prior complaints as to the amount of time I was spending litigating the boat and the Inflatable – now that the government has brought up the Inflatable.

      I will most respectfully remind your Honor that my client's first motion concerning the return of the Inflatable was filed on October 27, 20212 (ECF Document no. 150 referred to as the "Motion for Return of the Inflatable"). That was almost six months ago. I respectfully submit that the government's Supplement is filed out of time and should be rejected on that basis alone.

      The government's claim of a "second basis" should, through this same lens of untimeliness, be rejected. The government does not claim that it now has new evidence that the government could not have reasonably known about at the time it opposed my client's Motion for the Return of the Inflatable. More important, the government does not claim that it did not have this proof at the time the government filed the Superseding Indictment. This is consequential because the Superseding

Indictment makes no forfeiture claim concerning the Inflatable. In the backdrop of the government's concession that the Inflatable has its own Vehicle Identification Number, Title Number, Certificate of Title and was purchased separate and apart from the Boat, not only is the government's Supplement untimely, but the government's opposition, as a whole, is defective, since the Inflatable was not listed in the forfeiture allegation in the Superseding Indictment.

Finally, and ironically, the government's Supplement marks the first time the government has made any effort to shed any light on the allegations contained in the Superseding Indictment. As your Honor knows, I have literally been begging the government to sit down and provide the defense with proof to support the allegations contained in the Superseding Indictment. I have asked for a reverse proffer. I have asked for "hot docs." Before the government's Supplement, I'd received nothing.

And in this backdrop, to the extent your Honor does not reject the government's Supplement out of hand as untimely, I note that for discussion purposes, if what the government alleges has any ring of truth to it (again, hypothetically speaking for argument's sake only), then $1,040,000 of the proceeds was "untainted," in which case my client could have easily afforded to buy the Inflatable (and then some). In other words, the government does not foreclose the possibility that the funds used to purchase the Inflatable could have come from the $1,040,000.

For these reasons, the government's Supplement should be rejected out of hand.

Respectfully submitted,

*Randy Zelin*
Randy Zelin

To: All counsel via ECF