IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EATSERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:20-CR-392 |
| | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CHARLES VACCARO | ) | |
| | ) | |
| | ) | |
| _____ | ) | RE-FILE OF ECF DOC. 181 |
| Re:   In the Matter of the Seizure of | ) | Re: Dingly/Inflatable |
| | ) | |
| 2001 Azimut 70" Sea jet Watercraft (Yacht) | ) | |
| Hull ID Number XAX70058E001 | ) | |
| USCG Registration Number D01102462 | ) | |

In the backdrop of the government's *Supplement to United States' Response* (ECF Document no. 179 referred to as the "Supplement") filed on April 7, 2022, defendant Charles Vaccaro respectfully requests (a) that the government's Supplement be rejected as untimely and (b) that the "Inflatable" be returned to him.

1. As a threshold matter and for context, the Court is respectfully reminded of the government's prior rather vocal complaints concerning the amount of time counsel was spending litigating the both the "Yacht" and the Inflatable.

2. The government's Supplement is untimely. Defendant Vaccaro's first motion concerning the return of the Inflatable was filed on October 27, 20212 (ECF Document no. 150 referred to as the "Motion for Return of the Inflatable").  That was almost six months ago.

3. It is respectfully submitted that the government's Supplement is filed out of time and should be rejected on that basis alone.

4. Assuming for discussion purposes that the government's Supplement is accepted by your Honor, the government's claim of a "second basis" should, through this same lens of untimeliness, be rejected.

5. The government does not claim that it now has new evidence that the government could not have reasonably known about at the time it opposed defendant Vaccaro's Motion for the Return of the Inflatable.

6. More noteworthy -- the government does not claim that it did not have this proof at the time the government filed the Superseding Indictment.  This is consequential because the Superseding Indictment makes no forfeiture claim concerning the Inflatable. In the backdrop of the government's concession that the Inflatable has its own Vehicle Identification Number, Title Number, Certificate of Title and was purchased separate and apart from the Boat, not only is the government's Supplement untimely, but the government's opposition, as a whole, is defective, since the Inflatable was not listed in the forfeiture allegation in the Superseding Indictment.

7. Finally, and ironically, the government's Supplement marks the first time the government has made any effort to shed any light on the allegations contained in the Superseding Indictment.  As your Honor knows, counsel for defendant Vaccaro has been tireless in counsel's efforts to meet and confer with the government so that the government could provide counsel with proof to support the allegations contained in the Superseding Indictment. The Court is well aware of counsel's request for a reverse proffer and for "hot docs."

8. Before the government's Supplement, these requests had not been met.

9. For further discussion purposes, if what the government alleges has any ring of truth to it (hypothetically and speaking for argument's sake only), then $1,040,000 of the proceeds was "untainted." Consequently, defendant Vaccaro could have easily afforded to buy the Inflatable.

10. In other words, the government does not foreclose the possibility that the funds used to purchase the Inflatable could have come from the $1,040,000.

. **Conclusion**

11. For these reasons, the government's Supplement should be rejected out of hand and defendant Vaccaro's motion should be granted.

Dated: April 21, 2022
New York, New York

Respectfully submitted,

*Randy Zelin*
Randy Zelin
Randy Scott Zelin P.C.
641 Lexington Ave., 29th Fl.
New York, New York 10022
212.319.4000
rsz@rszpc.com
*Attorneys for Defendant Charles Vaccaro*

To:
All Counsel (via ECF)

.