UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR392 |
| | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | |
| | ) | |
| | ) | |
| CHARLES VACCARO, | ) | |
| | ) | |
| Defendant. | ) | |

### RANDY ZELIN'S DECLARATION IN REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT CHARLES VACCARO'S MOTION FOR THE RELEASE OF ASSETS SEIZED PRETRIAL[1]

Randy Zelin, pursuant to 28 U.S. Code §1746, declares under penalty of perjury:

1. I offer this declaration in reply to the government's opposition (ECF Document no. 207) to defendant Charles Vaccaro's motion for an order releasing assets currently restrained pre-trial by the government (ECF Document no. 198).

2. The proof shows that Mr. Vaccaro is without funds to pay counsel, or to support himself. The proof shows that the grand jury was mistaken in concluding that the Assets (see Motion, ECF Document no. 198) were subject to pre-conviction restraint. The Assets are not traceable to the alleged offense conduct. They are exempt from restraint.

3. I will respond to the government's opposition paragraph by paragraph as is necessary to establish Mr. Vaccaro's successful challenge to the government's pretrial seizure of his assets or, at the very least, get a hearing[2].

---

[1] And at minimum, for a post-restraint, pre-trial hearing to challenge the restraint.
[2] The first twelve pages of the government's opposition rehash the indictment. I will not debate the allegations contained in the indictment as Mr. Vaccaro has already entered his plea of "not guilty" and this reply focuses in on the lack of probable cause for the seizure of these assets. To the extent

4. As a threshold matter, on page twenty-two of the government's opposition, the government contends that "nearly all (at least 96%) of the $26,193,444.29 deposited…was derived from the fraudulent scheme…" Taking the government's position at face value for discussion purposes only – and while still denying this allegation -- the government admittedly concedes that $1,047,774 of these funds is untainted. This sum is more than enough to cover Mr. Vaccaro's living expenses and legal fees. The total value of the restrained assets Mr. Vaccaro seeks to release is less than $1 million.

5. On page fifteen of the government's opposition, the government alleges that Mr. Vaccaro was required to raise the question of "no other assets" in connection with Mr. Vaccaro's then application for the release of the 2001 Azimut (the "Azimut"). However, the government forgets that Mr. Vaccaro's application was not based on the "Jones Test" in the classic sense, as Mr. Vaccaro was not seeking the release of the Azimut to pay for counsel, or for living expenses. Mr. Vaccaro was seeking the release of the Azimut as having been illegally seized after the fact (ECF Document no.129, 129, 131).

6. On page sixteen of the government's opposition, the government claims that Mr. Vaccaro has a "present equity interest in the 'other boat' of approximately $422,908" and that it "strains credulity to believe that defendant Vaccaro would surrender such interest – in its entirety – as a result of any payment by Ms. Feldman of approximately $85,000 in repairs/improvement." Simply because the government may not be familiar with how capital calls work and that interests are routinely voluntarily or involuntarily forfeited when a capital call is made and goes unfulfilled, does not make that unbelievable. Capital calls and the penalties for not fulfilling a capital call – such as the forfeiture of the interest – are a routine part of business. Mr. Vaccaro has no interest in the other boat. He lost his interest. Moreover, right now, the other boat has not been sold. Anyone's

---

that any paragraph of the indictment is raised in the government's opposition, Mr. Vaccaro denies the truth and accuracy of that allegation.

equity stake in the other boat is only as much as a seller is willing to pay for it. The rest is all just hyperbole.

7. Starting on page twenty of the government's opposition, nowhere does the government refute the legitimacy of the over $9 million in "non Wilson Davis" deposits; nor does the government establish how any of these funds are tainted as traceable to the fraudulent scheme alleged in the superseding indictment. The government alleges that "Bank Account 3 received at least 96% of its deposits from unregistered brokerage firms $8,930,408…" But the government fails to show how these private transactions involving to a private individual or company are illegal. The government fails to explain why a person or company purchasing securities in a private transaction needs to be a "registered brokerage firm."

8. In other words, the government fails to offer how the following hypothetical transaction is illegal:

    a. seller of publicly traded securities wishes to enter into a private sale for those securities.

    b. seller enters into a stock purchase agreement ("SPA") with the purchaser.

    c. the fully executed SPA is sent to the transfer agent along with a medallion guaranty issued by a bank, along with transfer instructions as to whom is purchasing the shares and the purchase price.

    d. The transfer agent then transfers the shares to the name of the purchaser.

    e. The purchaser pays for the shares by wire transferer pursuant to the SPA.

    f. the transaction is completed.

9. There is no reason why the government cannot acknowledge that it is perfectly lawful to sell securities in a private transaction to a private person or company – having nothing to do with a registered broker-dealer.

10. For all of these reasons, I join in Mr. Vaccaro's application for an order releasing assets currently restrained pre-trial by the government.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 6, 2023

/s/ Randy Zelin

To: all counsel by ECF