# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20CR392 |
| vs. | JUDGE SOLOMON OLIVER, JR. |
| CHARLES VACCARO, | |
| Defendant. | |

## COUNSEL FOR DEFENDANT CHARLES VACCARO'S
## MOTION TO WITHDRAW AS COUNSEL

Randy Zelin, counsel for Charles Vaccaro, respectfully moves the Court for an Order permitting him to withdraw as Mr. Vaccaro's counsel.

## PRELIMINARY STATEMENT

The proof shows that Mr. Vaccaro is indigent (see, e.g., ECF Document no. 224, Order). He has no ability to pay his counsel's legal fees and expenses. Already in substantial debt to Zelin and Zelin's prior firm Wilk Auslander LLP, Mr. Vaccaro has no ability to pay Zelin going forward, the substantial legal fees and expenses necessarily incurred to provide him with an adequate defense.

## RELEVANT PROCEDURAL HISTORY

Working backwards, the Court and the government were aware that Zelin's motion would be made in the event that the Court denied Mr. Vaccaro's motion for the return of property (ECF Document no. 198 – see Zelin Declaration filed December 15, 2022, ¶5). In fact, the Court and the government were aware that Mr. Vaccaro's ability to pay legal fees and support himself were turned upside down starting with the government's seizure of Mr. Vaccaro's boat on August 5, 2021 – which was his home and his sole source of income (see, e.g., ECF Document no. 128, 129).

1

## **LEGAL ANALYSIS**

Local Rule 57.21 addresses the withdrawal of counsel in a criminal case in this District. The instant motion is made under Local Rule 57.21's mandate that counsel may not withdraw without first giving the client and all other parties written notice and seeking leave of Court.

An attorney's withdrawal from representing a client before this Court is committed to the Court's discretion. *Gerber v. Riordan,* 2011 U.S. Dist. LEXIS 136283, *3 (N. D. Ohio 2011), citing *Brandon v. Blech,* 560 F.3d 536, 537 (6th Cir.2009). In deciding a motion by counsel to withdraw from representing a client, the Court looks to the rules governing attorneys' professional conduct *Brandon v. Bloch, Id.*, at 537–38.

The Ohio Rules of Professional Conduct govern an attorney's professional conduct in the state of Ohio. Rule 1.16 provides, in pertinent part, that an attorney may withdraw from representation when::

> (5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

(*Ohio Prof. Cond. Rule 1.16*).

As the Court knows, as of December 15, 2022, Mr. Vaccaro owed Zelin and Zelin's prior firm Wilk Auslander LLP, $32,643 and $24,348.43 respectively (ECF Document no. 198-2, ¶3). The fees owed to Zelin have gone up since then. Mr. Vaccaro has not made any payment. And as the Court can surely imagine fees and expenses will increase exponentially in this case if, as or when it proceeds to trial. The Court knows that Mr. Vaccaro has no ability to pay anything. There is a presumption that Zelin's withdrawal is appropriate given Mr. Vaccaro's inability to pay Zelin's fees and expenses.. *Brandon v. Blech,* 560 F.3d at 538–39.

Mr. Vaccaro has long been well aware that Zelin would be forced to withdraw because he was unable to pay Zelin's fees and expenses. Most recently, Mr. Vaccaro was provided with an advance copy of this motion. *Brandon v. Blech,* 560 F.3d at 538.

## **THERE IS NO REASON FOR THE COURT TO DENY THE MOTION**

### *The Government's Reliance on Zelin's Comment When He First Appeared that Fees Would Not be an Issue is Disingenuous as it is Offered by the Government Out of Context*

The government previously intimated that it would object to Zelin's motion, reminding the Court at the last conference (March 21, 2023, No ECF Document no.) that at the time Zelin substituted in as Mr. Vaccaro's counsel, he told the Court, in words and substance, that fees would not be an "issue" going forward. But, that was before the government turned Mr. Vacarro's world on its head – first by seizing Mr. Vaccaro's "home" and his sole source of income (his boat) and then, by virtue of making Mr. Vaccaro indigent, causing Mr. Vaccaro to forfeit his interest in an investment boat – which the government also subsequently seized (ECF Document no. 198).

Mr. Vaccaro was not indigent at the time Zelin appeared as his counsel. There has been a complete and dire change in Mr. Vaccaro's circumstances – rendering Mr. Zelin's statement a nullity.

### *Zelin's Motion is Not for Strategic Purposes*

Understandably, the Court will carefully look at the request of an attorney to withdraw from his representation on the eve of trial. The Court would certainly be well within its right to deny an attorney's motion to withdraw, when it is clear the motion is "strategically-timed" or "coercive." *United States v. Ramey*, 559 F. Supp. 60, 62 (E.D. Tenn. 1981).

Here, no trial date has been set. The record of the last status conference (March 21, 2023, No ECF Document no.) should reflect the colloquy between the Court and the government concerning the number of defendants the government expected to enter guilty pleas pursuant to agreements with the government. There are no impending deadlines right now which Zelin's

3

withdrawal would adversely impact. *Brandon v. Blech*, 560 F.3d at 538. Mr. Vaccaro has long known that without the Court granting him the release of assets currently seized by the government pretrial, Zelin would move to withdraw as counsel. The Court has known this for some time as well. *Brandon v. Blech*, 560 F.3d at 538.

### *No Prejudice would be Suffered Except for Zelin*

It is likewise a given that the court may deny an attorney's motion to withdraw if it would work severe prejudice on the client or other parties. *Brandon v. Blech*, 560 F.3d 536, 538–39 (6th Cir. 2009). The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay the trial of the case or otherwise not be in the interest of justice. *United States v. Rashid*, No. 17-20465, 2021 WL 1696738, at *1 (E.D. Mich. Apr. 29, 2021).

Here, it is respectfully submitted that no prejudice will be suffered by Mr. Vaccaro, by the government, nor by any other party. As set forth above, there is no trial date which will be delayed. The interests of justice are not offended if Zelin is permitted to withdraw. The Court recognized that Mr. Vaccaro is indigent (ECF Document no. 224, Order). Surely, Mr. Vaccaro will qualify for appointed counsel under the Criminal Justice Act. He will not be left without counsel. There is no trial date; no looming deadlines – Mr. Vaccaro and new counsel will have ample time to prepare. No other defendant stands to be prejudiced by Zelin's withdrawal. No co-defendant is in custody. It appears that co-defendants are, will be or are planning on resolving their cases by plea agreements with the government. (March 21, 2023, No ECF Document no.).

Conversely, the prejudice to Zelin if he is not permitted to withdraw is enormous (Zelin Declaration). Compelling Zelin to continue representing a client who cannot pay would impose a crushing burden on Zelin. It would be patently unfair and unduly prejudice Zelin to expect him to "expend additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement." *Brandon v. Blech,* 560 F.3d at 538-539.

## CONCLUSION

The Court can see the true motive for Zelin's motion to withdraw – he has not been paid since he first appeared; he is owed substantial amount of money and he will not be paid going forward. Zelin's motion to withdraw, if granted, will not disadvantage anyone. There are no countervailing prejudicial concerns that militate against granting Zelin's motion.

For these reasons, it is respectfully submitted that counsel Randy Zelin should be permitted to withdraw as counsel for Charles Vaccaro, and that Zelin have such other and further relief as to the Court, seems just and proper.

Dated: April 26, 2023
      New York, New York

                                         Respectfully submitted,

                                         *Randy Zelin*
                                         Randy Zelin
                                         Randy Scott Zelin P.C.
                                         641 Lexington Ave., 29th Fl.
                                         New York, New York 10022
                                         212.319.4000
                                         rsz@rszpc.com
                                         *Attorneys for Defendant Charles Vaccaro*

To:
      All Counsel (via ECF)
      Charles Vaccaro (by email PDF)