UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR392 |
| | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | |
| | ) | |
| | ) | |
| CHARLES VACCARO, | ) | |
| | ) | |
| Defendant. | ) | |

**RANDY ZELIN'S DECLARATION IN SUPPORT OF HIS MOTION
TO WITHDRAW AS COUNSEL FOR DEFENDANT CHARLES VACCARO**

Randy Zelin, pursuant to 28 U.S. Code §1746, declares under penalty of perjury:

1. I offer this declaration in support of my motion to withdraw as counsel for defendant Charles Vaccaro.

2. This is a difficult motion for me to make. When I appeared in this case, I intended to see it through – as my statement to the Court when I first appeared suggested.

3. However, when I appeared in this case; when I represented to the Court that I saw no reason why I would not be able to remain in the case as Mr. Vaccaro's counsel, never did it dawn on me that the government would seize Mr. Vaccaro's home and his source of income (his boat). Never did I imagine that the government would leave Mr. Vaccaro indigent – as the government has.

4. When I appeared in this case, I had no reason to believe that the government would leave Mr. Vaccaro homeless and broke and consequently unable to pay me.

5. I am a sole practitioner. I left Wilk Auslander LLP ("Wilk") as of January 1, 2022. At the time I left Wilk, Mr. Vaccaro owed the firm $24,348.43. Since I went out on my own, Mr. Vaccaro has run up fees and expenses with my firm of $32,643. Neither Wilk nor I have been paid since Mr. Vaccaro paid the initial retainer to Wilk.

6. To complete discovery, file motions (including *in limine* motions) retain an expert, prepare for trial, and to try this case, will take hundreds of thousands of dollars in legal fees and out of pocket disbursements, not to mention thousands of dollars in travel and lodging. As a sole practitioner, were the Court to force me to represent Mr. Vaccaro for free, I would be ruined financially.

7. My motion to withdraw is not for any strategic advantage, nor to disadvantage the government or any other co-defendant. There is no trial date. I don't believe the Court has definitively ruled on my predecessor's motion for a bill of particulars (see, e.g.; ECF Document no. 31, 113, Order January 25, 2022). In other words, there are still outstanding discovery/indictment "clarification" issues.

8. Nor is Mr. Vaccaro being coerced -- "put over a barrel," by my threat to withdraw unless he pays me. I would not do that to Mr. Vaccaro (nor to any client, for that matter). Mr. Vaccaro is indigent. Mr. Vaccaro has known going back to not long after the seizure of his boat back on August 5, 2021, that we had run into an unforeseen storm – that he might not be able to fund my representation and his defense. Mr. Vaccaro cannot support himself. That is why we've worked so hard to get the boat released back to Mr. Vaccaro, and why we worked so hard to try to get an asset released to Mr. Vaccaro to be sold.

9. Mr. Vaccaro has been provided with a copy of my motion prior to its filing.

10. If the Court grants my motion and appoints counsel under the Criminal Justice Act, the Court has my word that I will turn over my files promptly and will cooperate fully with new counsel.

11. I filed an interlocutory Notice of Appeal (ECF Document no. 228) of the Court's Order denying Mr. Vaccaro's Motion for Release of Assets Seized Pretrial (ECF Document no. 224) to protect Mr. Vaccaro's rights. I requested *in forma pauperis* status for Mr. Vaccaro.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 26, 2023

/s/ Randy Zelin

To: all counsel by ECF
Charles Vaccaro (by email PDF)